IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02936-KAS

SERGIO ARREDONDO,

    Plaintiff,

v.

3519 INC., Store #3519, doing business as IHOP,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss for Failure to Prosecute** [#52][1] (the "Motion"). No Response was filed, and the time in which to do so has elapsed. *See* D.C.COLO.LCivR 7.1(d). For the reasons set forth below, the Motion [#52] is **GRANTED**.[2]

**I. Background**

Plaintiff, who proceeds as a pro se litigant, filed this lawsuit on November 10, 2022. *See Compl.* [#1]. On January 9, 2023, Defendant filed a Motion to Quash for Insufficient Service [#11]. Plaintiff did not file a Response to the motion, and on February 28, 2023, the Court sua sponte extended the deadline to March 21, 2023, for Plaintiff to either file

---

[1] "[#52]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#5, #8, #9]; *Reassigning Magistrate Judge* [#32].

1

a Response or a Notice stating that he did not intend to file a Response. *Minute Order* [#12]. The Court warned Plaintiff, in bold typeface, that "[f]ailure to respond to this Minute Order will be construed as a failure to prosecute and will result in sanctions in the form of dismissal of Plaintiff's lawsuit." *Id.* Plaintiff did not file anything by the deadline, and on March 22, 2023, Defendant filed its first Motion to Dismiss for Failure to Prosecute [#13].

On April 3, 2023, Plaintiff filed an Amended Complaint [#14] and a Letter [#15] berating the Clerk's Office for rejecting a previously-attempted filing. Plaintiff's Letter [#15] renders unclear whether the attempted filing was the Amended Complaint [#14], which Plaintiff signed on November 11, 2022, a day after the case was filed. On April 17, 2023, Plaintiff filed a Response [#16] to Defendant's first Motion to Dismiss for Failure to Prosecute [#13]. The Clerk's Office mailings of Docket Nos. 14, 15, and 16 were all returned as undeliverable on May 4 and 16, 2023. *See* [#17, #20].

On May 17, 2023, the Court issued a Minute Order [#18] noting that Plaintiff had failed to update his contact information and that his latest filings had a different return address than the address on the electronic docket. The Clerk of Court was directed to update Plaintiff's address and to resend the returned documents. *Minute Order* [#18] at 2. The Court also denied Defendant's first Motion to Dismiss for Failure to Prosecute [#13], stating:

> Although Plaintiff did not *timely* comply with the Court's Minute Order [#12], the Court finds that it is inappropriate to dismiss Plaintiff's lawsuit at this time on the ground of failure to prosecute. He essentially untimely complied with the Court's Minute Order [#12] and has made several other filings since that time. **However, the Court warns Plaintiff that future failures to comply with Court orders, including deadlines, will result in sanctions up to and including dismissal of this lawsuit.**

*Id.* at 1.

On May 26, 2023, the Court granted Defendant's Motion to Quash for Insufficient Service [#11] and extended the deadline to June 23, 2023, for Plaintiff to properly serve Defendant. *Order* [#21] at 6-7. Plaintiff was also directed to various free resources that provide help to pro se litigants with their cases, including the Federal Pro Se Clinic and the Federal Limited-Scope Appearance Program. *Id.* at 7-8.

Defendant eventually waived service, and a Scheduling Conference was set for October 12, 2023. *See* [#27, #37]. On October 5, 2023, Defendant timely filed a Proposed Scheduling Order [#39], in which a footnote stated:

> Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned counsels for Defendant certify that they conferred with Plaintiff, pro se, regarding this scheduling order and other motion [sic]. After multiple attempts by phone and email with Plaintiff, including on September 11, 25, 27, 2023; October 2-5, 2023[,] Plaintiff became unresponsive starting October 3, 2023. As such, Defendants left open areas which required Plaintiff's position, and highlighted those open areas. Thus, Defendant is submitting this proposed scheduling order without Plaintiff's contributions.

*See* [#39] at 1 n.1 (citation omitted). Defendant provided copies of email correspondence to support its assertions. *See* [#39-1]. Despite failing to adequately participate in the drafting of the Proposed Scheduling Order, Plaintiff appeared for the Scheduling Conference, where the Court reminded him of his litigation obligations. *See Minutes* [#43] (citing Pro Se Litigation Letter [#37-3]). Among other deadlines, the Court ordered Plaintiff to make his initial disclosures by November 10, 2023. *Scheduling Order* [#46] at 3. On November 17, 2023, Plaintiff made his last written filing with the Court, a document relating to the Protective Order [#47] entered by the Court on November 2, 2023.

Plaintiff did not provide his initial disclosures by the November 10 deadline. *Motion* [#52] at 2. On November 21 and December 4, 2023, Defendant emailed Plaintiff about them, but he did not respond. *Id.* (citing *Def.'s Ex. A* [#52-1]). On November 27, 2023,

3

Defendant propounded its First Set of Discovery Requests on Plaintiff, thereby making Plaintiff's responses due by December 27, 2023. *Id.* On December 6, 2023, Defendant again contacted Plaintiff about his initial disclosures; although Plaintiff responded, he did not ask for an extension or provide a date by which he would make them. *Id.* On December 18 and 29, 2023, Defendant contacted Plaintiff about the initial disclosures again as well as the overdue discovery request responses, but Plaintiff did not respond. *Id.* (citing *Def.'s Ex. B* [#52-2]).

On January 5, 2024, Defendant submitted a written discovery dispute chart to the Court. *Id.* (citing *Def.'s Ex. C* [#52-3]). On February 8, 2024, the Court held a Status Conference in the case to address Plaintiff's failure to participate in the discovery process. *Minutes* [#51]. Plaintiff did not appear or call in for the hearing, but the Courtroom Deputy was able to belatedly get Plaintiff on the telephone. *Id.* Plaintiff was "admonishe[d]" that he bears the responsibility of appearing at all scheduled hearings in his case. *Id.* The Court also reminded him of his litigation obligations. *Id.*; *Pro Se Litigation Letter* [#51-1]. Because Plaintiff had not yet completed his initial disclosures or responded to Defendant's First Set of Discovery Requests, the Court set deadlines of February 29, 2024, and March 11, 2024, respectively, to complete these obligations. *Id.*

Defendant filed the present Motion [#52] on March 28, 2024. The next day, March 29, the Court held another Status Conference. *Minutes* [#53]. Plaintiff failed to call in or appear. *Id.* On the record, the Court summarized what had been ordered at the previous hearing, noted the filing of the present Motion [#53], and stated that a written order would issue in due course. *Id.* The docket contains no indication that Plaintiff has attempted to comply with any of his litigation obligations since that time.

## II. Analysis

Fed. R. Civ. P. 41(b) provides in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subsection (b) . . . operates as an adjudication on the merits." Based on the information currently before the Court, Plaintiff appears unable to adequately prosecute his lawsuit against Defendant. Thus, the Court considers whether Plaintiff's lawsuit should be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct" and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see also Butler v. Butierres*, 227 F. App'x 719, 721 (10th Cir. 2007) (remanding on issue of dismissal with prejudice for determination of willfulness). In *Ehrenhaus*, the Tenth Circuit Court of Appeals enumerated the factors courts must consider when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal citations omitted); *see also Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Regarding the first factor, i.e., the degree of actual prejudice to Defendant, the Court finds that Defendant has incurred significant prejudice. This lawsuit has been pending since November 10, 2022. *Compl.* [#1]. As outlined in the Background section above, Plaintiff's failure to follow his basic litigation obligations has caused numerous delays in this case. These extended delays have prejudiced Defendant's ability to fully litigate this lawsuit, given that lengthy delays of this nature allow "memories to fade and documents to disappear." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020). Plaintiff's failure to provide initial disclosures and to respond to Defendant's discovery requests also prejudice Defendant's ability to litigate this case. *See, e.g.*, *Wallin v. Sygma Network*, No. 1:18-cv-01097-DDD-SKC, 2019 WL 6702066, at *5 (D. Colo. Nov. 18, 2019) (stating that the plaintiff's "delays and non-responses further prejudice [the defendant] by requiring it to expend time and incur attorney's fees to file otherwise unnecessary motions and notices with the Court"). Additionally, Defendant has spent excessive time, and therefore attorney fees, reaching out to Plaintiff to get him to participate, including with respect to the Proposed Scheduling Order, initial disclosures, and discovery requests. *See, e.g.*, *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) ("[W]e have recognized prejudice from delay and mounting attorney's fees.") (internal quotation marks omitted). Finally, Plaintiff's failure to prosecute "has prejudiced the Defendant because it has deprived Defendant of any finality in this matter." *Champion v. Dillon Cos., LLC*, No. 1:20-cv-00273-SKC, 2020 WL 5365989, at *3 (D. Colo. Sept. 8, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

Regarding the second factor, i.e., the amount of interference with the judicial process, the Court finds that Plaintiff's many opportunities to fully litigate his lawsuit—and

his failure to do so—have interfered with the effective administration of justice. Plaintiff's repeated failures to participate have caused long delays in this case. "The justice system is clogged as new cases arise while old cases are still on the dockets." *United States v. Lutcher*, No. 4:20-cr-00022-DN-DBP, 2020 WL 6434790, at *2 (D. Utah Nov. 2, 2020). Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

Regarding the third factor, i.e., the culpability of the litigant, Plaintiff is solely responsible for the current state of his lawsuit. As outlined above, Plaintiff was informed multiple times both orally and in writing about his litigation obligations and the various deadlines, which he appears to have ignored. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

Regarding the fourth factor, i.e., whether the Court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, Plaintiff was warned numerous times that failure to adequately litigate his case could or would result in the dismissal of his action. *See, e.g.*, *Wallin*, 2019 WL 6702066, at *6 (finding that this factor weighed in favor of dismissal where the plaintiff had "been amply warned"). Although Plaintiff is proceeding pro se, he is required to read and follow the rules and orders of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Accordingly, the Court finds that this factor weighs in favor of dismissal.

Regarding the fifth and final factor, i.e., the efficacy of lesser sanctions, the Court concludes that no sanction less than dismissal would be effective. Nothing in the record before the Court suggests that, if given more time, Plaintiff would provide his initial disclosures, respond to discovery, or comply with his other litigation obligations. Indeed,

7

allowing further opportunities will likely be ineffective based on the current record, including the number of extensions Plaintiff has already received. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result. Accordingly, the Court finds that this factor weighs in favor of dismissal of Plaintiff's claims.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#52] is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED with prejudice**. The Clerk of Court is directed to **CLOSE** this case.

Dated: August 4, 2024                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge